IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:15CV373 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RICHARD KOPF, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on initial review of Plaintiff Billy Tyler's Complaint (Filing No. 1). *See* 28 U.S.C. § 1915(e)(2). Liberally construed, Tyler asserts constitutional claims against Judge Kopf, a federal district court judge, for actions he took in a case in this court designated for pro se correspondence. For relief, Tyler seeks damages in the amount of $10 million. Sovereign immunity prevents the court from exercising jurisdiction over Tyler's claims.

The doctrine of sovereign immunity provides that the United States is immune from suit unless Congress has expressly waived the defense. *See*, *e.g.*, *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Cohens v. Virginia*, 19 U.S. 264, 411-12 (1821) ("The universally received opinion is[ ] that no suit can be commenced or prosecuted against the United States[.]"). If sovereign immunity applies, the court lacks jurisdiction to entertain the offending suit. *See*, *e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

A lawsuit against a government official in his official capacity is tantamount to a suit against "an entity of which an officer is an agent[,]" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal quotation marks omitted) (quoting *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)); therefore, the

sovereign immunity doctrine applies equally to the government itself and to any federal official sued in his or her official capacity. Congress may waive sovereign immunity, but any such waiver must be express. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Here, Tyler brought suit against Judge Kopf in his official capacity. Judge Kopf is part of the United States government for purposes of sovereign immunity. *See Graham*, 473 U.S. at 165-166. The United States clearly falls within the protective reach of sovereign immunity. There is nothing in the record to suggest the United States waived, or that Congress overrode, sovereign immunity here. Therefore, this court lacks jurisdiction over Tyler's claims for money damages against Judge Kopf.

IT IS THEREFORE ORDERED that: Tyler's Complaint is dismissed with prejudice. The court will enter judgment by a separate document.

DATED this 22nd day of February, 2016.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge